UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE CARTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 23-cv-06325-RS<br><br>**ORDER GRANTING MOTION FOR LIMITED INTERVENTION AND DENYING MOTION TO TRANSFER, DISMISS, OR STAY** |

Alex Fontenot and Mya Hollingshed are named plaintiffs in a putative class action presently pending in the District of Colorado, which raises claims substantially similar to those brought in this action, against the same defendants. *See Fontenot, et al. v. Nat'l Collegiate Athletic Ass'n*, et al., No. 1:23-cv-03076-CNS-STV (D. Col.). The *Fontenot* plaintiffs seek leave to intervene herein for the limited purpose of bringing a motion to transfer, dismiss, or stay this action pursuant to the "first-to-file rule." Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument, and the hearing set for May 23, 2024, is vacated.

Although the *Fontenot* plaintiffs may not have direct interests in this litigation of the type typically asserted by proposed intervenors, it is appropriate to allow them to intervene for the limited purpose of reaching the merits of their motion to transfer, dismiss, or stay. That motion, however, will be denied. Even though *Fontenot* was filed earlier than this action, the short duration of time between the two filings (17 days) greatly diminishes the import of the first-to-file rule and the interests it otherwise might serve. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v.*

*Payless Shoesource, Inc*., No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) and cases cited therein ("Courts have declined to apply the rule where the time between the actions is relatively short because the two actions will not necessarily have progressed to different stages.").

Moreover, as the *Fontenot* complaint itself expressly alleges, the broader issue of compensation and benefits for NCAA student-athletes, and the application of antitrust law to that issue, has been the subject of ongoing litigation originating in this district for several years. Indeed, this Court will be referring all discovery matters in this particular action to the same Magistrate Judge who has, from the outset, handled discovery issues in that long standing and ongoing Northern District litigation. While there may be a closer identity between the claims raised in *Fontenot* and those pleaded in this case, than between *Fontenot* and the earlier cases, it would not be reasonable to conclude this case should be transferred, dismissed, or stayed in favor of *Fontenot* under these particular circumstances.[1] The motion is therefore denied.

**IT IS SO ORDERED**.

Dated: April 29, 2024

RICHARD SEEBORG
Chief United States District Judge

---

[1] It very well may be the case that judicial efficiency and economy would be best served if *Fontenot* and this case were litigated together, a factor the District of Colorado may certainly consider when it evaluates the motion to transfer defendants recently filed in *Fontenot*. That consideration, however, is not sufficient to support the strained application of the first-to-file rule that the *Fontenot* plaintiffs are requesting.

CASE NO. 23-cv-06325-RS
2